UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.** CV 19-8381-MWF (AFMx)     **Date:** December 11, 2020
**Title:** Pastor Villareal Inc. v. Borderland Traders LLC et al.

**Present:** The Honorable MICHAEL W. FITZGERALD, U.S. District Judge

Deputy Clerk:                        Court Reporter:
Rita Sanchez                          Not Reported

Attorneys Present for Plaintiff:      Attorneys Present for Defendant:
None Present                           None Present

**Proceedings (In Chambers):** ORDER DENYING DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT [55]

      Before the Court is Defendants Borderland Traders LLC, Suerte y Salud LLC, La Tia Mana, and Jose De Jesus Garcia's ("Defendants") Motion to Dismiss Plaintiff Pastor Villareal Inc.'s ("PV") First Amended Complaint (the "Motion"), filed on August 10, 2020. (Docket No. 55). PV filed an opposition on September 28, 2020. (Docket No. 69). Defendants filed a reply on October 5, 2020. (Docket No. 70). Defendants seek dismissal pursuant to Rules 12(b)(1), 12(b)(6), and 12(b)(7) of the Federal Rules of Civil Procedure.

      The Motion was noticed to be heard on October 19, 2020. The Court read and considered the papers on the Motion and deemed the matter appropriate for decision without oral argument. *See* Fed. R. Civ. P. 78(b); Local Rule 7-15. Vacating the hearing is also consistent with General Order 20-09 arising from the COVID-19 pandemic.

      For the reasons set forth below, the Motion is **DENIED.** PV sufficiently pled plausible claims for fraudulent registration of the marks at issue and has standing to bring the action. PV's unfair competition claims, which are derivative of the fraudulent registration claims, also fall within the ambit of the Court's jurisdiction.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV 19-8381-MWF (AFMx)                     Date:  December 11, 2020
Title:      Pastor Villareal Inc. v. Borderland Traders LLC et al.

## I. BACKGROUND

To appropriately address a procedural argument PV raises, the Court provides a detailed procedural background of the action in addition to the relevant factual allegations.

### A. Procedural Background

On November 15, 2018, PV filed this action for Lanham Act violations against Defendants in the District of New Jersey.  (*See generally* Complaint (Docket No. 1)).  Defendants filed a pre-answer motion to dismiss or in the alternative to transfer venue.  (Motion ("NJ Motion") (Docket No. 8)).  While not explicitly captioned as a Rule 12(b)(2) motion, Defendants' NJ Motion sought to dismiss the action for a lack of personal jurisdiction and did not assert any other Rule 12(b) defenses.  (*See* NJ Motion).

In response, PV agreed to voluntarily dismiss without prejudice in New Jersey and transfer the case to the Central District of California.  (Docket Nos. 10, 12).  The New Jersey district court did not address the personal jurisdiction argument in Defendants' NJ Motion but granted the motion to transfer, and the case was transferred to this Court.  (Docket Nos. 14, 16).  Defendants subsequently filed an Answer to PV's Complaint, in which they asserted — in substance, not in name — Rule 12(b)(1) and 12(b)(6) defenses.  (Answer (Docket No. 28)).  These affirmative defenses asserted that PV lacked standing to bring claims on behalf of third parties and the Complaint's allegations lacked sufficient specificity as to fraud and ownership.  (Answer at 1-12).

On August 11, 2020, the parties stipulated to allow PV to file a First Amended Complaint (FAC), which the Court approved.  (Docket Nos. 47, 48).  On August 10, 2020, PV filed a FAC that added new claims for relief and asserted the factual allegations set forth below.  (*See generally* FAC (Docket No. 45)).

### B. Factual Background

**CIVIL MINUTES—GENERAL**                                                              2

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV 19-8381-MWF (AFMx)                Date:  December 11, 2020
Title:     Pastor Villareal Inc. v. Borderland Traders LLC et al.

    PV is a California corporation that does business as Innovacion Natural to sell and distribute products from Mexico.  (FAC ¶¶ 1, 8-9).  On information and belief, Jose Garcia is the sole owner of the corporate Defendants, which sell and distribute the same products as PV on the same ecommerce platforms — Amazon, Walmart, and eBay ("ecommerce platforms").  (*Id.* ¶¶ 5, 9).  PV alleges that Defendants are its direct competitors, but there are many other independent retailers in the United States that also sell the same Mexican products.  (*Id.* ¶¶ 9-10).

    PV alleges that Defendants registered the marks associated with these Mexican products, filed infringement notices and intellectual property violations for third parties' uses of the marks on the ecommerce platforms, and precluded third parties from using the marks.  (*Id.* ¶¶ 14-15).  PV claims that Defendants' business model is to fraudulently claim ownership of marks and procure trademark registrations for Mexican brands in order to eliminate competition from other importers and distributors.  (*Id.* ¶¶ 20-21).  PV specifically alleges that Defendants intentionally and falsely claim ownership, supply incorrect dates of first use, and submit third parties' specimens in their trademark applications.  (*Id.* ¶¶ 21-22).

    PV alleges that Defendants are not exclusive distributors for any of the products and, without rightful ownership, Defendants fraudulently appropriated trademarks for the following Mexican brands:  LA MILAGROSA, NUNN CARE, ALIPOTEC, and LA TIA MANA.  (*Id.* ¶¶ 23-56).  PV claims that Defendants used these fraudulently procured trademark registrations to report PV's use of the marks on the ecommerce platforms as trademark infringement and have PV's product listings removed.  (*Id.* ¶¶ 57-59).

    As a result of these removals, PV has allegedly suffered monetary and reputational damages and is barred from selling the products on the ecommerce platforms.  (*Id.* ¶¶ 33, 40, 52, 56, 58-60).

    Based on these allegations, PV asserts six claims for relief for violations of section 38 of the Lanham Act:  (1)  fraudulent trademark registration of LA

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV 19-8381-MWF (AFMx)            Date:  December 11, 2020
Title:     Pastor Villareal Inc. v. Borderland Traders LLC et al.

MILAGROSA pursuant to 15 U.S.C. § 1120; (2) fraudulent trademark registration of NUNN CARE pursuant to 15 U.S.C. §1120; (3) fraudulent trademark registration of ALIPOTEC pursuant to 15 U.S.C. § 1120; (4) fraudulent trademark registration of LA TIA MANA pursuant to 15 U.S.C. § 1120; (5) unfair competition pursuant to California Business & Professions Code section 17200; and (6) common law unfair competition.  (*Id*. ¶¶ 42-137).

## II.     REQUESTS FOR JUDICIAL NOTICE

Judicial notice is appropriate under Federal Rule of Evidence 201 for facts "not subject to reasonable dispute," because they are either "generally known within the trial court's territorial jurisdiction" or "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned."  Fed. R. Evid. 201(b). Judicial notice is also appropriate for documents on which the complaint necessarily relies, and for matters of public record, provided the authenticity is not contested.  *Lee v. City of L.A.*, 250 F.3d 668, 688-89 (9th Cir. 2001).

Both parties submitted supplementary documents for the Court to consider.

### A.     PV's Requests

There are twenty-six documents, Exhibits A-Z, attached to PV's FAC. (Docket No. 45-1).  These documents include but are not limited to the following:  Defendants' trademark applications for the marks at issue, the specimen Defendants submitted in their applications, the specimens third parties used, and emails from ecommerce platforms notifying PV of the removal of their product listings in response to Defendants' trademark infringement complaints ("removal notices").  Under Rule 10, written instruments attached as exhibits to a pleading are part of the pleading for all purposes.  Fed. R. Civ. P. 10.  Therefore, the Court will consider these documents.

PV also attached four more documents, Exhibits 1-4, to its Opposition.  (Docket No. 69-1).  Exhibit 1 is a declaration of Alvaro Pastor, although PV does not adequately explain what Exhibits 2-4 are, it appears they are offered to show the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No. CV 19-8381-MWF (AFMx)  Date: December 11, 2020
Title: Pastor Villareal Inc. v. Borderland Traders LLC et al.

requirements for filing trademark infringement claims on the ecommerce platforms. (Opp'n at 6-7; Docket No. 69-1). Because the Court did not rely on these documents in the disposition of this Motion and consideration would not change the outcome, PV's request as to these four documents is **DENIED** *as moot*.

### B. Defendants' Requests

Defendants attached seven documents, Exhibits A-G, to their Motion and insist the "Court must take judicial notice of [Defendants'] trademark registrations" for the marks at issue because they are public records not subject to dispute. (Mot. at 10-11; Docket No. 55-2-55-8). PV does not oppose Defendants' request, which is **GRANTED**. *See Lee*, 250 F.3d at 688-89.

Defendants also attach a third party's petition for trademark cancellation filed against Defendants as Exhibit H to the Motion. (Docket No. 55-9). Exhibits I and J are Innovacion Natural's Statement of Information and PV's Articles of Incorporation, respectively, both filed with the California Secretary of State. (Docket Nos. 55-10, 55-11). These documents are not pertinent to the limited purposes of the Court's disposition of this Motion. Therefore, Defendants' request as to Exhibits H, I, and J is **DENIED** *as moot*.

Defendants also attach Exhibit K to their Reply, which appears to be a notice of opposition PV filed in response to one of Defendants trademark registration applications. (Docket No. 70-1). Defendants do not request the Court to take judicial notice of this document and it is unclear why it is attached. (*See* Reply). But assuming that Defendants' intention is that it be judicially noticed, that request is **DENIED** *as moot*.

### III. DISCUSSION

Defendants move to dismiss PV's FAC under Rules 12(b)(1), 12(b)(6), and 12(b)(7) for a lack of subject matter jurisdiction, failure to state a claim, and failure to join required parties under Rule 19. (*See generally* Mot.). Defendants raise three main

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

| | |
|---|---|
| Case No. CV 19-8381-MWF (AFMx) | Date: December 11, 2020 |
| Title: Pastor Villareal Inc. v. Borderland Traders LLC et al. | |

arguments in their Motion. (*Id.*) First, PV lacks standing to pursue any of its claims. (*Id.* at 11). Second, PV's false registration claims should be dismissed for a failure to state a claim under Rule 12(b)(6) and for a failure to meet Rule 9(b)'s heightened pleading standard. (*Id.* at 16). Third, PV failed to join required parties whose interests may be affected and could subject Defendants to multiple inconsistent obligations. (*Id.* at 17).

### A. Rule 12(g)(2)

As a preliminary matter, PV argues that Rule 12(g)(2) bars Defendants' Rule 12 Motion. (Opp'n at 3-5).

Rule 12(g)(2) states that "[e]xcept as provided in Rule 12(h)(2) or (3), a party that makes a motion under this rule must not make another motion under this rule raising a defense or objection that was available to the party but omitted from its earlier motion." Fed. R. Civ. P. 12(g)(2).

PV asserts that the claims for relief in the FAC are essentially the same as those in PV's original Complaint, so Defendants could have raised Rule 12(b) defenses either in the NJ Motion or the Answer filed in response to PV's Complaint. (*Id.* at 4-5).

Despite PV's assertions, the fourth, fifth, and sixth claims for relief in the FAC were not asserted in the Complaint. The fourth claim is a fraudulent registration claim about a mark that was not in the Complaint. (*See* FAC). The fifth and sixth claims, while similar, are not the same as the unfair competition claim brought under New Jersey law in the Complaint. (FAC, Complaint). Because the fourth, fifth, and sixth claims in PV's FAC were not asserted in the original Complaint, Defendants could not have raised any defenses against these claims in the NJ Motion. Fed. R. Civ. P. 12(g)(2); *Hall v. W. Refin. Retail, LLC*, No. CV 19-0855 VAP (SKx), 2020 WL 3891453, at *5 (C.D. Cal. Apr. 24, 2020) (holding that Rule 12(g) did not preclude defendants from asserting defenses against a party added to the amended complaint).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.** CV 19-8381-MWF (AFMx)          **Date:** December 11, 2020
**Title:**     Pastor Villareal Inc. v. Borderland Traders LLC et al.

Accordingly, Rule 12(g)(2) does not bar Defendants from raising the 12(b) defenses in its Motion against PV's fourth, fifth, and sixth claims for relief.

The first, second, and third claims for relief, however, were asserted in the Complaint. (*See* Compl.). Although Defendant's NJ Motion was based solely on personal jurisdiction, Defendants' Answer to the Complaint set forth the same defenses asserted in the Motion currently before the Court. (*See generally* NJ Motion; Answer). The defenses in Defendants' Answer are not explicitly referred to as "12(b)" defenses, but the substance is nearly identical to the defenses raised in the Motion – namely, lack of standing and failure to allege fraud with sufficient specificity. (*See* Answer).

Notably missing from Defendants' Answer is the affirmative defense for failure to join required parties under Rule 19. (*See id.*). Because Defendants did not raise this 12(b)(7) defense in either the NJ Motion or Answer, Rule 12(g)(2) bars Defendants from raising it now. Fed. R. Civ. P. 12(g)(2).

Defendants argue that not only are there new factual allegations in the FAC but also the Motion raises defenses that classify as exceptions to Rule 12(g)(2). (Reply at 2-3).

Defendants' Motion raises 12(b)(1), a lack of subject matter jurisdiction, as its first defense against all of PV's claims for relief. (Mot. at 11). Lack of subject matter jurisdiction is listed under Rule 12(h)(3) as a clear exception to Rule 12(g)(2). Fed. R. Civ. P. 12(g)(2). Rule 12(h)(3) provides that if a "court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3). Thus, contrary to PV's assertion, Rule 12(g)(2) does not bar Defendants from raising the lack of subject matter jurisdiction as a defense in the Motion.

Defendants' Motion also raises Rule 12(b)(6) as a defense, which Rule 12(h)(2) addresses. (Mot. at 14, 25). Rule 12(h)(2) is another exception to Rule 12(g)(2) that permits 12(b)(6) and 12(b)(7) defenses to be raised in a pleading permitted or ordered under Rule 7(a), a judgment on the pleadings motion, or at trial. Fed. R. Civ. P. 12 (h)(2).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.** CV 19-8381-MWF (AFMx)        **Date:** December 11, 2020
**Title:**    Pastor Villareal Inc. v. Borderland Traders LLC et al.

Here, Defendants raised their Rule 12(b)(1) and 12(b)(6) defenses in the Answer — a pleading — in a manner consistent with Rule 12(g)(2) and its exceptions, so it does not appear that the Motion was filed as a delay tactic. *Aetna Life Ins. Co. v. Alla Med. Servs., Inc.*, 855 F.2d 1470, 1475 n.2 (9th Cir. 1988) ("The philosophy underlying Rule 12(g) is simple and basic: a series of motions should not be permitted because that results in delay and encourages dilatory tactics.") (internal brackets omitted).

It would be counterproductive to bar Defendants from asserting these defenses now based on a hyper-technical reading of Rule 12(g)(2). Therefore, in the interest of judicial efficiency, the Court will address the Rule 12(b)(1) and 12(b)(6) defenses raised in Defendants' Motion. *Hazzouri v. W. Pittston Borough*, 416 F. Supp. 3d 405, 413 (M.D. Pa. 2019), *reconsideration denied*, No. CV 18-1982, 2019 WL 5963179 (M.D. Pa. Nov. 13, 2019) ("[A] technical reading of Rule 12(g). . . to prevent the defendant . . . from bringing the instant arguments now would inevitably lead the defendant to filing a Rule 12(g)(2)(A) motion and moving for judgment on the pleadings on the same basis pursuant to Rule 12(c).").

### B. Subject Matter Jurisdiction

Defendants argue that PV's entire FAC should be dismissed under Rule 12(b)(1) because PV lacks standing to bring its fraudulent trademark registration claims and the Court lacks subject matter jurisdiction over the remaining state and common law claims. (Mot. at 11, 14).

To satisfy Article III's standing requirements, "a plaintiff must show 'injury in fact,' causation, and redressability" "at the time the action commences." *Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc.*, 528 U.S. 167, 168-91 (2000) (citations omitted).

#### 1. Injury

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No. CV 19-8381-MWF (AFMx)          Date: December 11, 2020
Title:     Pastor Villareal Inc. v. Borderland Traders LLC et al.

According to Defendants, PV has not suffered a concrete and particularized injury because the entity identified in the ecommerce platforms' removal notices is Innovacion Natural, LLC, an entity separate from PV. (Mot. at 12). Specifically, Defendants assert that — other than PV stating that it is "Doing Business As" Innovacion Natural — PV has not shown a connection between PV and Innovacion Natural. (*Id.*). This argument is disingenuous because Defendants in their Motion acknowledge that Innovacion Natural, LLC, is a company that PV formed. (*Id.*) Nonetheless, Defendants attempt to take this argument a step further and assert that because PV failed to allege ownership rights in the marks at issue, PV lacks standing to pursue a claim under § 1120. (Reply at 4)

In opposition, PV argues that even though the removal notices were addressed to Innovacion Natural LLC, PV has standing to bring the claims because PV alleged in the FAC that PV does business as Innovacion Natural. (Opp'n at 6). PV also asserts that Innovacion Natural does not have any accounts on the ecommerce platforms and that PV sold all the goods listed on there. (*Id.*). PV contends that it pled a concrete and particularized injury: "the takedown or removal of the listing for products" it was selling under the marks at issue on the ecommerce platforms. (*Id.*).

Defendants appear to agree and acknowledge that PV alleged that as a result of the removal requests Defendant submitted, PV — not Innovacion Natural, LLC — is "no longer permitted to sell" certain products on the ecommerce platforms. (Mot. at 11-12) (citing Compl.). Under section 1120, "[a]ny person who shall procure registration . . . of a mark by a false or fraudulent declaration . . . shall be liable in a civil action by any person injured thereby." 15 U.S.C. § 1120.

Here, PV alleges that Defendants fraudulently procured the registration for the marks at issue, and as a result, Defendants reported PV for trademark infringement and left PV unable to sell products on the ecommerce platforms. (FAC ¶¶ 23-59). These allegations are sufficient to constitute a concrete and particularized injury under section 1120. *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 563 (1992) ("But the 'injury in fact' test requires . . . the party seeking review be himself among the injured.") (quoting *Sierra Club v. Morton*, 405 U.S. 727, 734 (1972)).

---

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV 19-8381-MWF (AFMx)				Date:  December 11, 2020
Title:	Pastor Villareal Inc. v. Borderland Traders LLC et al.

### 2. Causation

Defendants also argue that PV's alleged injury cannot be attributed to Defendants because it was dependent on the decisions of the ecommerce platforms who are not before the Court.  (Mot. at 12-13).

Because the ecommerce platforms removed PV's product listings in response to Defendants' trademark infringement claims against PV, PV contends that the removal constitute a concrete and particularized injury directly traceable to Defendants.  (Opp'n 6-7).  The Court agrees with PV.  Defendants reported PV's use of the marks for trademark infringement to effectuate the exact outcome that constitutes PV's alleged injury — the ecommerce platforms' removal of PV's product listings.

### 3. Redressability

Defendants also argue that a favorable decision would likely not redress PV's alleged injury because an ecommerce platform's decision to re-list products is independent of the cancellation of the trademarks at issue.  (Mot. at 13, Reply at 5).

In opposition, PV argues a favorable decision, namely the cancellation of Defendants' "fraudulently procured registrations," would result in PV being able to re-list its products on the ecommerce platforms because those platforms require valid trademark registrations to "takedown" competitors' listings.  (Opp'n at 7).  The Court agrees with PV that, if PV's fraudulent trademark registrations claims are successful, that would eliminate the basis that Defendants allegedly used for their infringement claims against PV and remedy PV's alleged injury.  *Lujan*, 504 U.S. at 568.

The Court notes that Defendants dedicate an exorbitant amount of their briefing to arguing that PV has not shown ownership rights in the marks at issue; however, proof of ownership is not required for fraudulent trademark registration claims under 15 U.S.C. § 1120.  The Court determines that PV has standing to bring these fraudulent trademark registration claims, along with the derivative state law and common law claims.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.** CV 19-8381-MWF (AFMx)          **Date:** December 11, 2020
**Title:**     Pastor Villareal Inc. v. Borderland Traders LLC et al.

Accordingly, the Court **DENIES** Defendants' Motion to Dismiss PV's FAC for a lack of subject matter jurisdiction.

### C. <u>Failure to State a Claim</u>

In ruling on the Motion under Rule 12(b)(6), the Court follows *Bell Atlantic v. Twombly*, 550 U.S. 544 (2007), *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), and their Ninth Circuit progeny.

"Dismissal under Rule 12(b)(6) is proper when the complaint either (1) lacks a cognizable legal theory or (2) fails to allege sufficient facts to support a cognizable legal theory." *Somers v. Apple, Inc.*, 729 F.3d 953, 959 (9th Cir. 2013). "To survive a motion to dismiss, a complaint must contain sufficient factual matter . . . to 'state a claim for relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). The Court must disregard allegations that are legal conclusions, even when disguised as facts. *See id.* at 681 ("It is the conclusory nature of respondent's allegations, rather than their extravagantly fanciful nature, that disentitles them to the presumption of truth."); *Eclectic Props. E., LLC v. Marcus & Millichap Co.*, 751 F.3d 990, 996 (9th Cir. 2014). "Although 'a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof is improbable,' plaintiffs must include sufficient 'factual enhancement' to cross 'the line between possibility and plausibility.'" *Eclectic Props.*, 751 F.3d at 995 (quoting *Twombly*, 550 U.S. at 556-57) (internal citations omitted).

The Court must then determine whether, based on the allegations that remain and all reasonable inferences that may be drawn therefrom, the complaint alleges a plausible claim for relief. *See Iqbal*, 556 U.S. at 679; *Cafasso, U.S. ex rel. v. Gen. Dynamics C4 Sys., Inc.*, 637 F.3d 1047, 1054 (9th Cir. 2011). "Determining whether a complaint states a plausible claim for relief is 'a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.'" *Ebner v. Fresh, Inc.*, 838 F.3d 958, 963 (9th Cir. 2016) (quoting *Iqbal*, 556 U.S. at 679). Where the facts as pleaded in the complaint indicate that there are two alternative explanations, only one of which would result in liability, "plaintiffs cannot offer

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

| | | |
|---|---|---|
| **Case No.** | CV 19-8381-MWF (AFMx) | **Date:** December 11, 2020 |
| **Title:** | Pastor Villareal Inc. v. Borderland Traders LLC et al. | |

allegations that are merely consistent with their favored explanation but are also consistent with the alternative explanation. Something more is needed, such as facts tending to exclude the possibility that the alternative explanation is true, in order to render plaintiffs' allegations plausible." *Eclectic Props.*, 751 F.3d at 996-97; *see also Somers*, 729 F.3d at 960.

### 1. Fraudulent Trademark Registration Claims

Defendants move to dismiss PV's fraudulent trademark registration claims for a failure to state a claim under Rule 12(b)(6) and a failure to meet Rule 9(b)'s heightened pleading standard. (Mot. at 16). Defendants aver that PV has neither shown that it is the rightful owner of the marks nor alleged falsity as required for a section 1120 claim. (*Id.* at 17). Defendants argue that because trademark rights are territorial in nature, PV and Mexican manufacturers' use of the marks in Mexico does not give them superior rights to registration and use in the United States. (*Id.* at 18). Defendants also assert that they had no notice of prior use in the United States and assert that they are the rightful owners. (*Id.*).

To support their territorial argument, Defendants cite inapposite case law, including *Grupo Gigante SA De CV v. Dallo & Co.*, 391 F.3d 1088, 1094 (9th Cir. 2004). (Mot. at 19). *Grupo* was a trademark infringement case that necessarily focused on ownership rights and exceptions to the territoriality principle in trademark law. *Grupo*, 391 F.3d 1088. However, as the Court already noted and PV correctly argues, proof of ownership is not required to assess the sufficiency of PV's fraudulent trademark registration claims. (Opp'n at 2, 15).

PV argues that it alleged that the USPTO relied on false representations Defendants made about material facts in their trademark applications to grant Defendants the registrations at issue, and this proximately caused Plaintiff damage. (*Id.* at 13). PV identifies specific paragraphs in the FAC to demonstrate that there are sufficient factual allegations to support fraudulent trademark registration claims. (*Id.* at 9-11).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV 19-8381-MWF (AFMx)           Date:  December 11, 2020
Title:     Pastor Villareal Inc. v. Borderland Traders LLC et al.

PV alleges that Defendants intentionally submitted doctored specimens and third parties' specimens that they claimed as their own in order to procure trademark registrations. (FAC ¶¶ 24-26). Throughout the FAC, PV alleges incidents in which Defendants fraudulently appropriated and procured the marks at issue, which resulted in PV being prohibited from selling products on ecommerce platforms. (*Id*. ¶¶ 27-56, 59-60). PV's FAC specifically alleges that Defendants fraudulently obtained the trademarks despite knowing of other third parties' use and ownership of the marks. (*Id.*).

Under Rule 9(b), a party alleging fraud must state with particularity the circumstances constituting fraud or mistake, but intent and knowledge may be alleged generally. Fed. R. Civ. P. 9. Based on the foregoing and accepting all the facts alleged as true, the Court determines that PV sufficiently pled plausible claims for fraudulent registration of the marks at issue.

Accordingly, because PV pled plausible fraudulent trademark registration claims and met Rule 9(b)'s pleading standard, Defendants Motion to Dismiss PV's fraudulent registration claims is **DENIED**.

### 2. Unfair Competition Claims

Defendants also argue that PV's remaining claims for unfair competition under California law and common law are duplicative of the fraudulent trademark registration claims and must be dismissed as well. (Mot. at 24-25). Defendants contend that PV's pleading is deficient because PV did not identify illegal business practices that Defendants allegedly committed. (Reply at 15).

PV agrees that the unfair competition claims are premised on the same allegations as the fraudulent trademark registration claims but asserts that PV adequately pled fraud. (Opp'n at 8, 16).

An alleged violation of a law is sufficient to support an unfair competition claim in California. *Saunders v. Superior Ct.*, 27 Cal. App. 4th 832, 838, 33 Cal. Rptr. 2d

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.**  CV 19-8381-MWF (AFMx)          **Date:**  December 11, 2020
Title:     Pastor Villareal Inc. v. Borderland Traders LLC et al.

438 (1994) ("The 'unlawful' practices prohibited by section 17200 are any practices forbidden by law."). Here, the parties agree that PV's unfair competitions are premised on the fraudulent trademark registration claims for alleged violations of section 1120. As the Court already addressed the sufficiency of PV's pleadings for these claims, the Court determines that PV also pled plausible unfair competition claims.

Accordingly, Defendants' Motion to Dismiss PV's unfair competition claims is **DENIED**.

## IV. CONCLUSION

For the foregoing reasons, the Defendant's Motion to Dismiss PV's FAC is **DENIED.**

Defendants shall file an answer to the FAC by no later than **January 5, 2021**.

IT IS SO ORDERED.